IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN WALSH, III, : Civil No. 3:17-CV-952
:
    Plaintiff, :
:
  v. :
: (Magistrate Judge Carlson)
ANDY WALLACE, ESQ., :
:
    Defendants :

# REPORT AND RECOMMENDATION

## I.    Statement of Facts and of the Case

The plaintiff, John Walsh is a frequent, albeit frequently unsuccessful, *pro se* litigant. Indeed, Walsh is the author of more than 30 quixotic *pro se* lawsuits filed with this court during the past several years.[1] These lawsuits are often varied in their

---

[1] A partial list of these frivolous filings includes the following civil actions filed within the past year: 3:15-CV-1103,Walsh v. Walsh et al filed 06/05/15 closed 08/13/15;3:15-cv-02012-ARC Walsh v. Walsh et al filed 10/16/15 closed 11/12/15 3:15-cv-02122-RDM Walsh v. Summers et al filed 11/05/15 closed 02/11/16 3:15-cv-02313-MEM Walsh v. Corbett filed 12/02/15 closed 12/02/15 3:15-mc-00452-RDM Walsh v. Verrilli filed 10/05/15 closed 07/26/16 3:16-cv-00503-RDM Walsh v. DeNaples et al filed 03/24/16 closed 05/17/16 3:16-cv-00834-ARC Walsh v. Greater Scranton Young Mens Christian Association et al filed 05/10/16 closed 05/20/16 3:16-cv-00872-RPC Walsh v. Rite Aid et al filed 05/13/16 closed 07/20/16 3:16-cv-00950-ARC Walsh v. Munley filed 05/20/16 closed 06/21/16 3:16-cv-00998-RPC Walsh v. Bambera, et al filed 05/26/16 closed 06/17/16 3:16-cv-01234-NQA Walsh v. Conaboy et al filed 06/22/16 closed 07/12/16 3:16-cv-01429-EMK Walsh v. Conaboy et al filed 07/13/16 closed

1

form, and eccentric in their content. However, in many instances Walsh's lawsuits are little more than odd polemics reflecting random observations on life by Walsh, polemics which masquerade as litigation. This penchant for polemics on Walsh's part has an unfortunate consequence. It often impedes the plaintiff's efforts to seek redress in the courts since Walsh's rhetorical excesses are frequently obstacles to addressing his underlying disputes.

So it is in this case. Walsh has filed 2-page a *pro se in forma pauperis* complaint. In this complaint Walsh identifies himself as a "pro se Messiah, Resident, Customer, Stakeholder, Citizen." (Doc. 1.) Walsh then alleges that he wants to erect a tent in the Lackawanna County Courthouse to "protest a heck of lot of issues." (Id.)

---

07/25/16 3:16-cv-01430-EMK Walsh v Wilding, et al filed 07/11/16 closed 08/02/16 3:16-cv-01440-EMK Walsh v. Pascal et al filed 07/13/16 closed 07/25/16 3:16-cv-01460-EMK Walsh v. Alejandro filed 07/18/16 closed 07/27/16 3:16-cv-01462-EMK Walsh v. Stark, 3:16-cv-01112-ARC Walsh v. Cardonick et al filed 06/10/16 closed 07/08/16 3:16-cv-01223-EMK Walsh v. Deleeum filed 06/21/16 closed 07/20/16 3:16-cv-01269-NQA Walsh v. Mariani et al filed 06/23/16 closed 07/12/16 3:16-cv-01422-EMK Walsh v. Saporito et al filed 07/08/16 closed 08/09/16 3:16-cv-01445-EMK Walsh v. McKee et al filed 07/13/16 closed 07/25/16 3:16-cv-01452-EMK Walsh v. The Lynett Family filed 07/14/16 closed 07/27/16 3:16-cv-01472-EMK Walsh v. Harhut et al filed 07/19/16 closed 07/22/16 3:16-cv-01494-EMK Walsh v. Barrasse et al filed 07/20/16 closed 07/28/16 3:16-cv-01495-EMK Walsh v. American Water et al filed 07/21/16 closed 07/29/16 3:16-cv-01498-EMK Walsh v. Fuentes et al filed 07/21/16 closed 07/29/16 3:16-cv-01560-SHR Walsh v. Brazil et al filed 07/27/16 closed 08/01/16.

Attached to Walsh's complaint is a letter from Andrew Wallace, the County Commissioner Chief of Staff which acknowledges that Walsh has proposed to erect a tent from May 2017 until "cooler weather," but indicates that this request is being denied due to: (1) an incomplete application; (2) no definite start and end dates the event is to take place; (3) no certificate of insurance; and (4) a lack of compliance with licensing requirements. (Id.)

Apparently dissatisfied with this information Walsh's complaint then announces without any further context or coherence that:

> What I John R. Walsh, III Pro Se does is for his children and grand children, he all ready reaped what he sowed, seed on barren soil, cast to fires of Hell for eternity, believe it or not, I have power of judgment over him, that's why My Heavenly Father Sent me. This NOT Roman times, that was 2000 years ago.

Doc. 1, ¶¶2 and 3.) On the basis of this curious peroration Walsh then demands an otherwise undescribed injunction of indeterminate duration.

Along with this complaint the plaintiff has filed a motion for leave to proceed *in forma pauperis*, (Doc. 2.), which we will grant. However, having carefully reviewed this complaint, we conclude that the pleading fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II. Discussion

### A. Legal Standards Governing Sufficiency of Civil Complaints

This court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir.

> 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

5

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the . . . well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged . . . are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the p[arty's] entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the

> pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006

WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint). Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide. See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

Judged against these legal benchmarks, for the reasons set forth below, Walsh's complaint, as currently pleaded, is fatally flawed and should be dismissed.

### B. The Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted

Applying these legal benchmarks, we find that in this case the plaintiffs' *pro se* complaint in its present form is subject to dismissal for failure to state a claim upon which relief can be granted. Indeed, the initial review of the plaintiff's complaint has identified the following fatal deficiencies in this pleading.

First, Walsh's complaint violates the basic rule of pleading which requires that "a district court . . . determine whether the facts alleged in the complaint are sufficient

to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 210-11. In addition, dismissal of this complaint is also warranted because the complaint fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

Dismissal of this complaint is appropriate for several reasons. At the outset, it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper

10

when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011). Here, Walsh's pleadings fail to satisfy these basic minimal pleading standards. In a case such as this where these pleadings would leave "the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), dismissal of this complaint is fully warranted.

Moreover, Walsh's pleading seems to cast the plaintiff in Messianic terms, and reflects the apparent belief that the plaintiff is the Messiah, the Son of God. Construing the pleading in this fashion we note that the complaint is subject to dismissal because it presents a cause of action that "relies on 'fantastic or delusional scenarios.' Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). Furthermore, we are obliged to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer

open to discussion.' Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (internal citations and quotation marks omitted). There is no question that [these] claims meet this standard, as they rely on fantastic scenarios lacking any arguable factual basis." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009).

These shortcomings are particularly acute in the instant case since Walsh's pleadings, while opaque, seem to contain information which actually tends to rebut any constitutional claim. Very liberally construed, it appears that Walsh's complaint alleges that the plaintiff sought a permit to erect a tent in a protest on county court property in Scranton, but was denied this permit because he had failed to secure necessary liability insurance, provide a complete application, provide definite start and end dates for this event, and comply with licensing requirements. While Walsh seemingly casts this decision as a constitutional violation, he should understand that narrowly-tailored and content neutral time, place and manner restrictions like permit and insurance requirements relating to the use of public forums do not offend the Constitution. See Thomas v. Chicago Park Dist., 534 U.S. 316, 320, 122 S. Ct. 775, 779, 151 L. Ed. 2d 783 (2002)(content neutral permit requirement for use of public space); iMatter Utah v. Njord, 980 F. Supp. 2d 1356, 1370 (D. Utah 2013), aff'd, 774 F.3d 1258 (10th Cir. 2014)(collecting cases discussing insurance requirements and the

12

First Amendment). Therefore, aside from its delusional and incomprehensible qualities, this complaint also likely fails on its merits, yet another factor which cautions in favor of dismissal of this pleading, as it is presently crafted.

### III. Recommendation

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed in forma pauperis (Doc. 2.) is GRANTED but IT IS RECOMMENDED that the complaint be dismissed for the failure to state a claim upon which relief can be granted.[2]

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo

---

[2]We note that there is currently pending before the district court a Report and Recommendation which recommends that Walsh's civil filing privileges be curtailed due to his repeated frivolous filings. See Walsh v. U.S. House of Representatives, Civil No. 3:17-CV-486. Because this recommendation is already under active consideration by the district court, we do not restate this recommendation in this instant case, but simply observe that Walsh's increasingly bizarre messianic filings provides further justification for curtailing his future filing privileges.

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of June, 2017.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge